IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KENNETH JELKS, ) | CIVIL NO. 06-00426 SOM-LEK |
|       Petitioner, ) | |
|   vs. ) | **ORDER DISMISSING PETITION AND** |
| ) | **DENYING IN FORMA PAUPERIS** |
| LANE BLAIR and FRANK ) | **APPLICATION** |
| LOPEZ, ) | |
|       Respondents. ) | |
| _____ ) | |

**ORDER DISMISSING PETITION AND
DENYING IN FORMA PAUPERIS APPLICATION**

On August 7, 2006, *pro se* Petitioner, Kenneth Jelks ("Petitioner"), a state prisoner presently incarcerated at Diamond Back Correctional Facility in Watonga, Oklahoma, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"), as well as an application to proceed *in forma pauperis*.  The Petition is DISMISSED without prejudice, and the application to proceed in forma pauperis is DENIED.

**BACKGROUND**

On October 22, 1996, a jury of the Circuit Court of the First Circuit for the State of Hawaii ("Circuit Court"), found Petitioner guilty of attempted murder in the second degree. (Petition at 2.)  On January 13, 1997, Petitioner was sentenced to life in prison with the possibility of parole after a minimum of twenty years served.  (Id.)

Petitioner appealed to the Hawaii Supreme Court, which, on August 8, 1998, affirmed his conviction. (Id. at 3.) Petitioner did not file a petition for certiorari with the United States Supreme Court. On May 6, 2004, however, Petitioner filed a petition for post-conviction relief with the state trial court, alleging that the Hawaii Paroling Authority had wrongfully denied him 1077 days of pre-sentence detention credit following his arrest in 1994. (Id. at 4.) The state court dismissed the post-conviction petition without a hearing on February 24, 2005. (Id.) Nine months later, on November 30, 2005, Petitioner filed a second post-conviction petition with the state trial court, after the Hawaii Paroling Authority had allegedly "re-fixed" Petitioner's minimum sentence requirement and level of punishment on June 28, 2005. (Id.) On March 24, 2006, the state court dismissed the post-conviction petition without a hearing. (Id. at 5.) Petitioner appealed the dismissal of his post-conviction petition to the Hawaii Supreme Court. (Id. at 7.) Petitioner states that the appeal of the dismissal of the post-conviction petition is presently pending in the Hawaii Supreme Court. (Id. at 7,9,10, & 13.)

**DISCUSSION**

I.   Petitioner has a Post-Conviction Petition Pending in State Court.

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction

proceeding in state court.  <u>See</u> 28 U.S.C. § 2254(b)-©); <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted.  <u>See</u> <u>id.</u>  Moreover, the rule in <u>Sherwood</u> applies whether or not the issue raised in the pending state petition is included in the federal petition, <u>see</u> <u>id.</u>, for the reason that a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition.  <u>See</u> <u>id.</u> (citations omitted).

As Petitioner has a petition currently pending in the Hawaii courts, the instant petition for a writ of habeas corpus is DISMISSED without prejudice to refiling once all state court post-conviction challenges to his conviction have been completed and all claims he wishes to raise in federal court have been exhausted under 28 U.S.C. § 2254(b)-©).  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

II.  Petitioner is not a Pauper Within the Meaning of
     28 U.S.C. § 1915.

Petitioner's *in forma pauperis* application shows that he is employed at the prison and receives $77 per month for his work.  The application also reveals that Petitioner has a current balance of $451.62 in his prison trust account.  The filing fee

3

for a petition for writ of habeas corpus is $5.00.  *See* 28 U.S.C. § 1914(a).  Petitioner is not a pauper within the meaning of 28 U.S.C. § 1915.  Moreover, on August 7, 2006, Petitioner paid the statutory filing fee for this action.  *See* Docket No. 5, Filing Fee.  Accordingly, the application to proceed in forma pauperis is DENIED.

## CONCLUSION

For the reasons stated above, the petition for writ of habeas corpus is DISMISSED without prejudice and the application to proceed in forma pauperis is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; August 24, 2006.



_____
Susan Oki Mollway
United States District Judge

Jelks v. Blair, et al., Civ No. 06-426 SOM-LEK; ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; G:\docs\heather\Habeas 06\Jelks 06-426(dsm failure to name resp & dny IFP).wpd